Coleman Watson, Esq.
Watson LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
coleman@watsonllp.com

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PACKET TREAD LLC,                    §
                                     §
         Plaintiff,                  §      Case No.: 8:17-cv-03069-T-TPMAP
                                     §
vs.                                  §
                                     §      **COMPLAINT**
HUGHES NETWORK SYSTEMS, LLC,         §
                                     §      **INJUNCTIVE RELIEF DEMANDED**
         Defendant.                  §
                                     §      **JURY TRIAL DEMANDED**
                                     §
                                     §
                                     §

Plaintiff, PACKET TREAD LLC, sues Defendant, HUGHES NETWORK

SYSTEMS, LLC, and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for infringement of United States Patent No. 6,310,864

under the Patent Act, 35 U.S.C. § 271, *et seq.*, based on Defendant's unauthorized

commercial manufacture, use, importation, offer for sale, and sale of infringing products

and services in the United States.

## PARTIES

2.      Plaintiff, PACKET TREAD LLC, is a foreign limited liability company,

organized under the laws of the State of Texas.

3.  Defendant, HUGHES NETWORK SYSTEMS, LLC, is a foreign limited liability company with its headquarters located in Germantown, Maryland.  Defendant uses, sells, and/or offers to sell products and services in interstate commerce that infringe the '864 Patent.

## SUBJECT MATTER JURISDICTION

4.  This court has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action involves a federal question relating to patents.

## PERSONAL JURISDICTION

5.  The court has general *in personam* jurisdiction over Defendant because Defendant is found in this state.

## VENUE

6.  Venue is proper in this court, pursuant to 28 U.S.C. § 1400(b), because Defendant has committed acts of infringement in this district and has a regular and established place of business in this district.

## COUNT I
## PATENT INFRINGEMENT

7.  Plaintiff repeats and re-alleges paragraphs 2 through 6 by reference, as if fully set forth herein.

8.  On October 30, 2001, the United States Patent & Trademark Office (USPTO) duly and legally issued the '864 Patent, entitled "Voice Echo Cancellation For SVD Modems."  A true and authentic copy of the '864 Patent is attached hereto as

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

Exhibit "A" and incorporated herein by reference.

9.     The '864 Patent, consisting of machines and processes, teaches systems and methods for the use of simultaneous voice and data (SVD) modems to allow the operation of a personal computer and a telephone at home in communication with similar equipment in the workplace. Voice and data signals are modulated together by an SVD modem at a remote site and sent over telephone lines to a second SVD modem at the workplace. The second SVD modem demodulates the voice and data signal for use at the workplace. The voice and data signal may be sent to another extension at the workplace to communicate with other workers or to another telephone outside of the workplace to communicate with customers or other interested parties.

10.     Traditionally, many telephones used two wires with which to send and receive signals, which are routed over two wire pairs. Four wire transmissions require a two-wire pair to receive voice signals and another two-wire pair to send signals. Hybrid transformers are used to convert signals from four-wire to two-wire, and vice versa.

11.     The use of such hybrid transformers often creates so-called "talker echo" due to an impedance mismatch. Modern communications attempt to address this problem with echo cancelers.

12.     The echo cancelers are typically placed in the long-distance components of the public-switching telephone network ("PSTN"). These cancelers typically activate where echo signals occur with a delay of greater than thirty-five milliseconds.

13.     The use of SVD modems in the remote office configuration created new problems relative to echo cancellation.

WATSON LLP
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

14.     Because of the importance of remote office technology and as a result of the inadvertent creation of disruptive echo signals in the use of SVD modems in the remote office or similar applications, there was a need for an SVD modem with echo canceling capability to be used in a remote office or similar application to eliminate harmful echo signals.  This is what the '864 Patent teaches.

15.     Plaintiff is the assignee of the entire right, title, and interest in the '864 Patent, including the right to assert causes of action arising under the '864 Patent.

16.     Upon information and belief, Defendant has and continues to directly infringe through at least internally testing the Accused Product as defined below, contributorily infringe, or actively induce the infringement of the '864 Patent by making, using, selling, offering for sale, or importing in the United States, including this judicial district, a product that embodies or uses the invention claimed in the '864 Patent (the "Accused Product"), all in violation of 35 U.S.C. § 271.

17.     The Accused Product infringes at least claim 7 of the '864 Patent.

18.     Through claim 7, the '864 Patent claims a method of electrical communication via a first simultaneous voice and data modem associated with a switching hub of a communications network, comprising the steps of: (a) transmitting and receiving a modulated simultaneous voice and data signal using said first simultaneous voice and data modem to and from a second simultaneous voice and data modem located at an endpoint of said communications network; (b) transmitting and receiving a voice signal using said first simultaneous voice and data modem to and from a communications device via a switching network; (c) transmitting and receiving a data

signal using said first simultaneous voice and data modem; and (d) canceling a voice echo originating in said switching network using an echo canceler associated with said first simultaneous voice and data modem, said voice echo experiencing a delay resulting from the modulation and demodulation of said simultaneous voice and data signal in said first simultaneous voice and data modem and said second simultaneous voice and data modem.

19.    Defendant's product, identified as the Hughes HN7740S Satellite Router, infringes claim 7.

20.    The HN7740S Satellite Router is a system that practices a method of electrical communication that provide simultaneous high-speed data and voice communications associated with a switching hub of a communications network (*e.g.*, the HN Network Operations Center), as follows:



Figure 1. System Overview

21.    The HN7740S, part of Hughes' HN7000S family, is a high- performance broadband satellite router with an integrated Analog Telephone Adapter (ATA) designed to provide integrated voice capabilities, as well as high-speed access for the large enterprise, government, and small/medium enterprise (SME) markets.  With support for

two simultaneous LAN subnets as well as two simultaneous two-wire FXS analog voice ports, the HN7740S has the flexibility to handle a wide range of enterprise IP networking requirements.

22.     The Hughes HN Network Operations Center routes voice calls to the PSTN via an H.323 voice gateway. The voice gateway performs the conversion from the H.323 protocol and the PSTN signaling.  A gatekeeper provides the address resolution between the HN7740S and multiple voice gateways.

23.     The Hughes HN7740s infringes claim 7 because it transmits and receives a modulated simultaneous voice and data signals by using a voice and data modem to and from a second voice and data modem located at an endpoint of a communications network at a second Hughes HN7740s device, such as when two or more Hughes HN7740s devices communicate with each other and each Hughes HN7740s device has a simultaneous voice and data modem.

24.     The Hughes HN7740s infringes claim 7 because it transmits and receives a voice signal using its first voice and data modem to and from a communications device such as a second Hughes HN7740s via a switching network.

25.     The Hughes HN7740s infringes claim 7 because it transmits and receives data signals by using a voice and data modem.

26.     The Hughes HN7740s infringes claim 7 because it cancels a voice echo originating in a switching network by using an audio echo cancelation feature associated with its first simultaneous voice and data modem, which causes the voice echo to experience a delay resulting from the modulation and demodulation of the simultaneous

voice and data signal in a first voice and data modem and a second voice and data modem in a second Hughes HN7740s device, when two or more Hughes HN7740s devices simultaneously communicate voice and data signals to each other.

27.    Upon information and belief, Defendant has known of the existence of the '864 Patent, and its acts of infringement have been willful and in disregard for the '864 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

28.    Defendant's acts of infringement of the '864 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

29.    Defendant's acts of infringement of the '864 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities are also enjoined by this court pursuant to 35 U.S.C. § 283.  Plaintiff has no adequate remedy at law.

30.    Upon information and belief, the '864 Patent, at all times material, was and is in compliance with 35 U.S.C. § 287.

31.    Plaintiff retained the law firm of WATSON LLP to represent its interests in this action, and is obligated to pay such firm reasonable attorneys' fees for its services. Plaintiff may recover its attorneys' fees and costs from Defendant, pursuant to 35 U.S.C. § 285.

**WHEREFORE**, Plaintiff, PACKET TREAD LLC, demands judgment against sues Defendant, HUGHES NETWORK SYSTEMS, LLC, and respectfully seeks the

entry of an order (i) adjudging that Defendant has infringed the '864 Patent, in violation

of 35 U.S.C. § 271; (ii) granting an injunction enjoining Defendant, its employees,

agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and

all of those in active concert and participation with any of the foregoing persons or

entities from infringing, contributing to the infringement of, or inducing infringement of

the '864 Patent; (iii) ordering Defendant to account and pay damages adequate to

compensate Plaintiff for Defendant's infringement of the '864 Patent, with pre-judgment

and post-judgment interest and costs, pursuant to 35 U.S.C. § 284; (iv) ordering that the

damages award be increased up to three times the actual amount assessed, pursuant to 35

U.S.C. § 284; (v) declaring this case exceptional and awarding Plaintiff its reasonable

attorneys' fees, pursuant to 35 U.S.C. § 285; and, (vi) awarding such other and further

relief as this court deems just and proper.

**DATED** on December 19, 2017

Respectfully submitted,

/s/

**Coleman W. Watson, Esq.**
Florida Bar. No. 0087288
California Bar No. 266015
Georgia Bar No. 317133
New York Bar No. 4850004
Email: coleman@watsonllp.com
docketing@watsonllp.com
**Ronika J. Carter, Esq.**
Florida Bar No. 0122358
Email: ronika@watsonllp.com

**WATSON LLP**
189 S. Orange Avenue, Suite 810
Orlando, FL 32801
Tel: (407) 377-6634 / Fax: (407) 377-6688

1

2   **Leia V. Leitner, Esq.**
    Florida Bar. No. 0105621
3   Email: leia@watsonllp.com

4   **WATSON LLP**
    189 S. Orange Avenue
5   Suite 810
    Orlando, FL 32801
6   Tel: (407) 377-6634
    Fax: (407) 377-6688
7

8   *Attorneys for Plaintiff,*
    PACKET TREAD LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25